UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 24-cr-20586
Hon. Laurie J. Michelson

HARRY ELLISWORTH WHITE,

Defendant.
_________________________________/

**GOVERNMENT'S RESPONSE TO MOTION FOR BOND**

The United States of America asks the Court to deny Harry White's motion for bond. The government's response is based on the accompanying brief.

Respectfully submitted,

Jerome F. Gorgon Jr.
United States Attorney

*s/Paul A. Kuebler*
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9641
paul.kuebler@usdoj.gov
P83191

Dated: November 12, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 24-cr-20586
Hon. Laurie J. Michelson

HARRY ELLISWORTH WHITE,

Defendant.
_________________________________/

**BRIEF IN SUPPORT OF GOVERNMENT'S RESPONSE TO MOTION FOR BOND**

**Issues presented:**

#1 – Has White met his burden under 18 U.S.C. § 3142(f) to reopen the detention hearing? *Government's response: No.*

#2 – Can White rebut the 18 U.S.C. § 3142(e)(3) presumption in favor of detention? *Government's response: No.*

#3 – Can the government show by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community? *Government's response: Yes.*

**Principal authorities:** 18 U.S.C. § 3142; *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989); *United States v. Ramadan*, No. 20-1450, 2020 WL 5758015 (6th Cir. Sep. 22, 2020); *United States v. Will*, No. 3:23-CR-00148, 2023 WL 8529078 (S.D.W. Va. Dec. 8, 2023); *United States v. Christman*, 712 F. Supp. 2d 651 (E.D. Ky. 2010); *United States v. Cook*, 42 Fed. Appx. 803 (6th Cir. 2002).

## Introduction

On October 15, 2024, White was charged in an indictment. ECF No. 1. He was charged with possession of fentanyl with intent to distribute (count 1) and possession of a firearm in furtherance of a drug-trafficking crime (count 2). *Id*. He was charged in count 1 with a quantity of fentanyl that carries a mandatory minimum sentence of 5 years and in count 2 with a crime that carries a mandatory minimum sentence of 5 years, consecutive to any other sentence. *Id*.; 21 U.S.C. § 841(b)(1)(B)(vi); 18 U.S.C. § 924(c)(1)(A)(i). On August 26, 2025, White made his initial appearance.

On August 28, 2025, Magistrate Judge Anthony P. Patti held a detention hearing and ordered White detained after finding that the government had shown by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. ECF No. 16.

On October 28, 2025, White filed a motion for bond. ECF No. 46. White's motion argues (1) his presence in the Detroit area his entire life; (2) residing with his father (who is elderly and has health concerns and limitations around the house) for the last seven years; and (3) his own health issues (including a 2024 heart attack and pain related to a 2019 shooting) as his reasons for bond. White's motion should be denied because his arguments are not reasons to reopen the detention hearing and, even if the hearing is reopened, he is unable to rebut the presumption in favor of detention and, regardless, the government has met its burden to justify detention.

**Detention hearing considerations**

A detention hearing may be reopened:

> if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

The requirement that information be new has been interpreted strictly to deny a reopening where the evidence relied upon was

available at the initial detention hearing. *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *United States v. Will*, No. 3:23-CR-00148, 2023 WL 8529078, at *1 (S.D.W. Va. Dec. 8, 2023) (collecting cases); *United States v. Noskiewicz*, No. 3:19-CR-451-M, 2020 WL 3579213, at *1 (N.D. Tex. June 1, 2020) (collecting cases), report and recommendation adopted, No. 3:19-CR-451-M, 2020 WL 3574673 (N.D. Tex. June 30, 2020); *United States v. Rodriguez*, No. 09-CR-331A, 2012 WL 6690197, at *8 (W.D.N.Y. Dec. 21, 2012).

The Sixth Circuit has stated "Courts interpret this requirement strictly, requiring a showing of truly changed circumstances or a significant event." *United States v. Ramadan*, No. 20-1450, 2020 WL 5758015, at *1 (6th Cir. Sep. 22, 2020). Without this requirement, parties could seek multiple detention hearings, introducing substantial inefficiency into the process and wasting judicial resources. *See United States v. Fordham*, No. 3:22-cr-109-1, 2022 WL 2898912, at *4 (M.D. Tenn. Jul. 21, 2022).

Courts that have considered whether financial or health problems experienced by a defendant's family member have a significant bearing

on the issue of the defendant's detention have generally determined that they do not. *See United States v. Will*, No. 3:23-CR-00148, 2023 WL 8529078, at *2 (S.D.W. Va. Dec. 8, 2023) (collecting cases).

Similarly, even 18 U.S.C. § 3145(c), which applies to convicted defendants awaiting sentencing and arguably stretches beyond the 18 U.S.C. § 3142(g) factors, considers "exceptional reasons why such person's detention would not be appropriate," but courts have generally rejected personal and familial hardship as providing an exceptional reason. *See United States v. Christman*, 712 F. Supp. 2d 651, 656 (E.D. Ky. 2010) (collecting cases); *United States v. Cook*, 42 Fed. Appx. 803, 804 (6th Cir. 2002) (holding the district court did not err when declining to release defendant under § 3145(c) for hardship to family or business associates). If familial hardship is inappropriate to consider under § 3145(c), it is certainly inappropriate to consider under 18 U.S.C. § 3142(f), particularly given the language of 18 U.S.C. § 3142(f) and case law reducing that language to the following: the information must (1) be new and (2) have a "material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such

person as required and the safety of any other person and the community."

**White has failed to carry his burden to justify reopening the detention hearing. His motion should be denied.**

Everything argued in White's motion was (or could have been) argued at his detention hearing before the magistrate judge. Nothing he argues has a "*material* bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *See* 18 U.S.C. § 3142(f) (emphasis added). Furthermore, his father's health considerations do not justify reopening the detention hearing. *See Will, supra*. White's motion should be denied without the Court reopening the issue of detention.

**Even if the Court reopens the issue of detention, White cannot overcome the presumption of detention and, regardless, the government has carried its burden to justify detention.**

The government's proffered facts and the § 3142(g) factors have already been addressed in the record. *See* Order of Detention Pending Trial, ECF No. 16, PageID.32 (bottom of page explaining the basis for detention). Therefore, if the Court reopens the issue of detention, an

evidentiary hearing is not required. *United States v. Hensler*, 18 F.3d 936, 1994 WL 83436, at *2 (5th Cir. 1994); *see also United States v. Anderson*, No. 3:14-CR-210-D 08, 2014 WL 2764747, at *1 n. 2 (N.D. Tex. June 18, 2014) ("The court's review of the record developed before the magistrate judge is an appropriate procedure to comply with [its] obligation" to make an independent determination.).

The following is essentially the government's proffered facts previously provided to the magistrate judge.

> *§ 3142(g)(1) nature and circumstances of the offense charged, § 3142(g)(2) weight of the evidence against the person, and § 3142(g)(3) history and characteristics of the person weigh in favor of detention.*

On February 11, 2022, White's residence in Detroit was searched. White and his wife were present. Kilograms of cutting agents, hundreds of pill capsules, three kilo presses, seven digital scales, and six firearms were seized. A mandatory minimum quantity of drugs was seized – 40 grams or more of fentanyl. The drugs, processing equipment, packaging, cash, and guns were all in plain view. White had piles of cash with a gun on his bed side table with his phone and credit cards bearing his name. Agents also located a loaded gun under White's pillow and

another in the kitchen drawer directly below where the drugs were being pressed. The guns were all loaded, many with extended or drum magazines, readily accessible and in close proximity to drugs or cash. Pictures from the search are shown below.

**Photo Series 1: February 11, 2022 Detroit Residence**



**Photo Series 2: February 11, 2022 Detroit Residence**




**Photo Series 3: February 11, 2022 Detroit Residence**



**Photo Series 4: February 11, 2022 Detroit Residence**




**Photo Series 5: February 11, 2022 Detroit Residence**



**Photo Series 6: February 11, 2022 Detroit Residence**




**Photo Series 7: February 11, 2022 Detroit Residence**



**Photo Series 8: February 11, 2022 Detroit Residence**




**Photo Series 9: February 11, 2022 Detroit Residence**



White was arrested (on December 18, 2022), convicted (on November 3, 2023), and sentenced to two years of probation for a drug delivery / manufacturing charge by the State of Michigan (3rd Circuit).

In July and August 2025, officers developed probable cause to search White's residence in Taylor. Probable cause was based on:

- On 7/15/2025 and 8/5/2025, short meets by White indicative of drug trafficking at a Quick Lube and Family Dollar, respectively. White was at his residence before and/or after these short meets.
- On 8/11/2025, trash pull at residence revealed drug paraphernalia, including rubber gloves, several clear plastic corner tie sandwich bags, several individual user quantity baggies (same style packaging that was seized from White on 2/11/2022), as well as several vacuum seal wrappers (suspected narcotics kilogram wrappers). Pictures from the trash pull are shown below.

**Photo Series 10: August 11, 2025 Taylor Residence Trash Pull**



On August 26, 2025, White's residence in Taylor was searched. White and his wife were present. Two firearms (Ruger-5.7 and SCCY

pistols) with loaded magazines in the upstairs bedroom (where White came down from when search warrant was being executed) were located on top of a bag with drug packaging materials, scales, and pills. Drug packaging materials and pills were also seized from the kitchen. Pictures from the search are shown below.

**Photo 11: August 26, 2025 Taylor Residence, Garage/Kitchen Walkway**



**Photo 12: August 26, 2025 Taylor Residence, Kitchen**



**Photo 13: August 26, 2025 Taylor Residence, Bedroom**



**Photo 14: August 26, 2025 Taylor Residence, Bedroom**



*§ 3142(g)(4) nature and seriousness of the danger to any person or the community that would be posed by the person's release weighs in favor of detention.*

The risk to the public posed by White's release includes the distribution of large amounts of fentanyl and firearm possession and use in furtherance of drug trafficking. There are no conditions that could reasonably mitigate these risks.

**Conclusion**

Based on White repeatedly engaging in drug trafficking and possessing firearms in furtherance of drug trafficking (despite law enforcement contact) over the course of just a few years, no conditions could reasonably mitigate the risks posed by White's release. His motion for bond should be denied.

Respectfully submitted,

Jerome F. Gorgon Jr.
United States Attorney

*s/Paul A. Kuebler*
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9641
paul.kuebler@usdoj.gov
P83191

Dated: November 12, 2025

**Certification of Service**

I hereby certify that on November 12, 2025, I electronically filed the foregoing using the ECF system, which will send notification of such filing to all ECF participants.

*s/Paul A. Kuebler*
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9641
paul.kuebler@usdoj.gov
P83191